by many authorities, which are there cited. See, also, the report of the Buel Case at the General Term in 18 Hun, 487.

We think that, under the authorities and for the reasons stated, the indictment sufficiently charges the defendant with the crime of manslaughter in the first degree within the statutory definition of that crime, and that the motion in arrest of judgment was, therefore, properly denied.

The judgment and conviction should be affirmed. All concur.

---

(119 App. Div. 300)

### McLOUGHLIN v. COLLINS BLDG. & CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

JUDGMENT—DEFAULT—OPENING—CONDITIONS.

> Where, in an action to foreclose a mortgage, the trustee in bankruptcy for the defendant corporation, who had been permitted to intervene, defaulted upon the trial, the part of the order opening the default which required the trustee to furnish an undertaking for $5,000, conditioned for the payment to the plaintiff of any deficiency that might arise upon the sale of the premises occasioned by the default, was improper, where no occasion for the imposing of this personal obligation was shown.
>
> Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Charles McLoughlin against the Collins Building & Construction Company. From so much of an order as imposes conditions for opening a default and setting aside an inquest, defendants appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Charles Goldsier, for appellant.
Van Mater Stillwell, for respondent.

LAMBERT, J. Elbert B. Hamlin, as trustee in bankruptcy for the defendant corporation, in an action to foreclose a certain mortgage for $25,000, on which a payment of $10,000 had been made, and who had been permitted to intervene and defend in behalf of the corporation, defaulted upon the trial by reason of a misunderstanding between himself and the attorney for the plaintiff. An order opening the default has been granted upon terms, and this appeal is from so much of the order as requires the trustee to furnish an undertaking for $5,000, conditioned for the payment to the plaintiff of any deficiency that may arise upon the sale of the premises by reason of the delay occasioned by the default.

There does not appear to be any occasion for the imposing of this personal obligation upon a trustee in bankruptcy, the officer of a court of the United States, and we reach the conclusion that the order appealed from should be modified, by striking out the provision for a bond on the part of the trustee, and, as so modified, the order should be affirmed, without costs.

PATTERSON, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). It is conceded that the defendant, as trustee in bankruptcy, has no assets in his hands, but is seeking to defend a mortgage made by the bankrupt for the benefit of creditors. They should certainly be responsible for any damages caused by the delay in foreclosing the mortgage in the event that the defense is unsuccessful. The trustee in bankruptcy being in default, I think it was proper for the court to compel the creditors to give such security as would secure the plaintiff from the damages which should be caused by the delay if the defense should prove unsuccessful.

The order should be affirmed.